IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA HOUSING FINANCE AGENCY,

      Plaintiff,

vs.

JOSE A. LEMOS,

      Defendant.
_____/

No. CIV S-11-2657 LKK EFB PS

<u>ORDER</u>

      On October 7, 2011, defendant, proceeding pro se, filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for Sacramento County, along with a request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Dckt. Nos. 1, 2. Then, on October 12, 2011, defendant filed an application for a temporary restraining order and a memorandum in support thereof on October 13, 2011.[1] Dckt. Nos. 3, 4.

      This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of

---

[1] Because this court will remand the action for lack of subject matter jurisdiction, defendant's request to proceed *in forma pauperis* and defendant's application for a temporary restraining order will not be addressed. The court does note, however, that the temporary restraining order application does not actually seek any specific relief from this court. *See* Dckt. Nos. 3, 4.

establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As explained below, defendant has failed to meet that burden.

Defendant's notice of removal is predicated upon the court's federal question jurisdiction. Dckt. No. 1 at 2-3. However, a review of the complaint reveals that plaintiff does not allege any federal claims; instead, plaintiff alleges only unlawful detainer under state law. *Id.* at 7-8 (Compl.). Therefore, because defendant has not adequately established that plaintiff's complaint alleges a federal claim,[2] the court lacks subject matter jurisdiction and must remand the case.[3] *See* 28 U.S.C. § 1447(c).

Accordingly, IT IS HEREBY ORDERED that the above-captioned case be REMANDED to the Superior Court of the State of California in and for the County of Sacramento. Because this court lacks jurisdiction, defendant's request to proceed *in forma pauperis* and defendant's application for a temporary restraining order, Dckt. Nos. 2 and 3, will not be addressed.

DATED: October 14, 2011.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] Nor has defendant established that this court has diversity jurisdiction.

[3] It also appears that the notice of removal is timely. Section 1446(b) requires a notice of removal to be "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). Here, the complaint was filed in state court on July 6, 2011. Dckt. No. 1 at 2, 7. Although defendant does not indicate when he was served with or otherwise received a copy of the complaint, he does contend that he received a "Motion for Summary Judgment" in the action on July 19, 2011. *Id.* at 2.